UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY MCCLELLON,  Case No. 18-10732
    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,  HON. AVERN COHN
    Defendant.
_____/

# ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.**

This is a social security appeal. Plaintiff, Tammy McClellon, has appealed the ALJ ruling that she is not entitled to social security benefits. (Doc. 1). The case was referred to a magistrate judge. (Doc. 3). Both parties submitted motions for summary judgment. (Doc. 15, 17). After reviewing the motions, pleadings, and ALJ decision, the magistrate judge issued a report and recommendation ("MJRR"), which states that Plaintiff's motion for summary judgment should be denied, and Defendant's motion for summary judgment should be granted. (Doc. 18). Plaintiff has filed objections to the MJRR and Defendant has filed a response. (Doc. 19, 22).

**II.**

Plaintiff filed two objections to the MJRR. (Doc. 19). First, Plaintiff says that the MJRR "never really addresses Plaintiff's main argument in this case." Id. at 2. Plaintiff's "main argument" is "that SSR 03-02p was [not] cited or used in any evaluation or finding in the ALJ's decision." (Doc. 17, p. 3). She says that the MJRR "breaks down this argument in sections, 1a-1e, while not addressing why the ruling was never mentioned

in the decision." Id. The Court disagrees. The MJRR addressed Plaintiff's arguments and provided proper explanation.[1] Plaintiff's objection merely restates her argument. "An 'objection' that does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection." Fox v. Colvin, 2016 WL 837164 at *1 (E.D.Mich. March 4, 2016) (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)); see also VanDiver v. Martin, 304 F.Supp.2d 934, 937 (E.D.Mich. 2004) (stating that an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

Plaintiffs second objection states that the MJRR "essentially ignores Plaintiff's argument" and the "little weight" given to her treating physician, Dr. Parker, was error. Again, Plaintiff's objection merely restates her argument. Moreover, this Court does not review ALJ credibility determinations, which means that the ALJ's decision to give "little weight" to the evidence offered by her treating physician is not reversible error. Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997) ("[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.").

---

[1] The MJRR recognized that SSR 03-02p deals with RSDS and CRPS and that the ALJ addressed RSDS and CRPS at Step 2. The MJRR concludes that "even if the ALJ did not expressly cite SSR 03-02p within the Step 3 discussion, it was brought to the ALJ's attention during the May 2, 2017 administrative hearing, and the Court has no reason to believe that the ALJ improperly addressed Plaintiff's RSDS/CRPS at Step 3." (Doc. 18, p. 10).

## III.

The Court finds that the MJRR reasonings and conclusions are proper. Accordingly, the Court adopts the MJRR (Doc. 18). Defendant's motion for summary judgment (Doc. 17) is GRANTED, Plaintiff's motion for summary judgment (Doc. 15) is DENIED, and this case is DISMISSED.

SO ORDERED.

                                              s/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: 5/8/2019
Detroit, Michigan